1  Peter J. Schulz, Esq. (SBN 167646)
   pjs@sbrlawsd.com
2  SCHULZ BRICK & ROGASKI
   600 West Broadway, Suite 960
3  San Diego, California 92101
   Tel: (619) 234-3660
4  Fax: (619) 234-0626

5  Attorneys for Plaintiffs RENOVATION REALTY, INC.,
   KEITH CHRISTIAN, and KATHY VASQUEZ

6

7

8              **UNITED STATED DISTRICT COURT**

9             **SOUTHERN DISTRICT OF CALIFORNIA**

10

11 | RENOVATION REALTY, INC.,          | Case No.: __'25CV2297 W    DEB__
   | a California Corporation;         |
12 | KEITH CHRISTIAN, an individual; and |
   | KATHY VASQUEZ, an individual,     |
13 |                                   | **COMPLAINT FOR:**
   |      Plaintiffs,                  |
14 |                                   | **1.  Breach of Contract;**
   |          v.                       |
15 |                                   | **2.  Tortious Breach of the Implied**
   | COLONY INSURANCE COMPANY,         |     **Covenant of Good Faith and Fair**
16 | a Virginia corporation; and       |     **Dealing; and**
   | KINSALE INSURANCE COMPANY,        |
17 | an Arkansas corporation,          | **3.  Declaratory Relief – Duty to**
   |                                   |     **Defend – Civil Code 2860**
18 |      Defendants.                  |

19

20       Plaintiffs RENOVATION REALTY, INC. ("RRI"), KEITH CHRISTIAN

21 ("CHRISTIAN") and KATHY VASQUEZ ("VASQUEZ") (collectively "Plaintiffs"),

22 allege the following causes of action against Defendants, COLONY INSURANCE

23 COMPANY ("COLONY") and KINSALE INSURANCE COMPANY ("KINSALE"):

24                            **PARTIES**

25       1.      RRI is a California corporation with its principal place of business in San

26 Diego, California. As such, DEL MAR WOODS is a citizen of California within the

27 meaning of 28 U.S.C. § 1332(c)(1).

28       2.      CHRISTIAN is the CEO and President of RRI and resides San Diego,

California. As such, CHRISTIAN is a citizen of California within the meaning of 28 U.S.C. § 1332(c)(1).

3.    VASQUEZ is an authorized agent of RRI and resides in San Diego, California. As such, VASQUEZ is a citizen of California within the meaning of 28 U.S.C. § 1332(c)(1).

4.    COLONY is a corporation organized and incorporated under the laws of the State of Virginia with its principal place of business in Richmond, Virginia. As such, COLONY is a citizen of Virginia within the meaning of 28 U.S.C. § 1332(c)(1).

5.    KINSALE is a corporation organized and incorporated under the laws of the State of Arkansas with its principal place of business in Richmond, Virginia. As such, KINSALE is a citizen of Arkansas and Virginia within the meaning of 28 U.S.C. § 1332(c)(1).

## JURISDICTION AND VENUE

6.    The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. There is complete diversity between the parties, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7.    Venue is proper before this Court pursuant to 28 U.S.C. § 1391(a)(1) since a substantial part of the events or omissions giving rise to the claims at issue occurred in this District.

## GENERAL ALLEGATIONS

8.    This action arises from Defendants' unreasonable breach of their duties to defend, pay defense costs for, and indemnify Plaintiffs for a suit filed against Plaintiffs in the San Diego Superior Court entitled Mara Fortin v. Renovation Realty, Inc., et al., San Diego Superior Court Case No. 25CV028711C (hereinafter referred to as the "Underlying Action").

9.    COLONY issued three Commercial General Liability policies: Policy No. 600 GL 0202902-00 (for the period July 30, 2021 through July 30, 2022); Policy No. 600 GL 0202902-01 (for the period July 30, 2022 through July 30, 2023); and

1  Policy No. 600 GL 0202902-02 (for the period July 30, 2023 through November 22,
2  2023) (hereinafter collectively referred to as the "COLONY Policies").

3        10.    KINSALE issued two Commercial General Liability policies: Policy No.
4  0100128475-0 (for the period October 1, 2020-October 1, 2021); and Policy No.
5  0100128474-1 (for the period October 1, 2021-October 1, 2022) to its named insured
6  J Build, Inc. (the "KINSALE Policies"). Pursuant to the endorsements in the
7  KINSALE Policies, Plaintiffs qualify as additional insureds. Despite requests,
8  KINSALE has, to date, refused to provide its additional insureds with a copy of the
9  KINSALE Policies.

10        11.    The COLONY Policies and the KINSALE Policies may sometimes
11  collectively be referred to hereinafter as the "Defendant Policies."

12        12.    Among other things, the Defendant Policies require the Defendants to
13  pay those sums which Plaintiffs are legally obligated to pay as damages because of
14  bodily injury or property damage to which the insurance applies. Further, the
15  Defendant Policies impose the duty to defend Plaintiffs against any "suit" seeking
16  those damages.

17                    **COLONY TENDER AND DENIAL**

18        13.    On February 24, 2025, RRI received a pre-suit written demand for
19  damages from counsel for Mara Fortin which included claims of property damage and
20  bodily injury.

21        14.    On March 10, 2025, RRI tendered the pre-suit claim to COLONY for
22  handling and COLONY acknowledged receipt of the claim on March 12, 2025 and
23  assigned it to an adjuster and created Claim No. L-099-1053017.

24        15.    From March 12, 2025 to March 23, 2025, Plaintiffs repeatedly tried to
25  contact the assigned claim handler to no avail. Finally, on March 23, 2025, a new
26  adjuster contacted Plaintiffs advising the claim had been reassigned and that she
27  "needed to review coverage." Plaintiffs thereafter provided the adjuster with all the
28  information she requested to "review coverage."

16.     On April 9, 2025, just one week before the required pre-suit mediation, COLONY denied coverage for the pre-suit written demand and refused to participate in the contractually required pre-suit mediation.

17.     On April 16, 2025, Plaintiffs requested reconsideration of the April 9, 2025 denial. Nine days later, COLONY acknowledged receipt of the request and advised it was having the issue reviewed by "coverage counsel."

18.      Two months later, with no response from COLONY, and on June 11, 2025, Plaintiffs were served with the complaint in the Underlying Action. On June 13, 2025, a copy of the lawsuit was sent to both the COLONY adjuster and its coverage counsel. Counsel advised the matter would be reassigned within her firm to another attorney and a response would be "forthcoming."

19.     On June 24, 2025, COLONY issued a reaffirmation of its April 9, 2025, denial.

20.     On July 31, 2025, Plaintiffs provided COLONY with extrinsic evidence further supporting the potential for coverage in the Underlying Action and requested, again, that COLONY reconsider its position.

21.     As of the date of the filing of this complaint, and despite numerous follow-up emails, including those advising COLONY of the hourly rates charged by counsel and the aggressive approach the Plaintiff's counsel in the Underlying Action has taken, COLONY has yet to respond to Plaintiffs' July 31, 2025 tender, and continues to deny coverage for the Underlying Action.

## KINSALE TENDER AND FAILURE TO RESPOND

22.     On June 24, 2025, Plaintiff's tendered its defense of the Underlying Action to KINSALE pursuant to Plaintiffs' status as an additional insured.

23.     On July 1, 2025, KINSALE acknowledged the claim and assigned Claim No. 56637 to the matter.

24.     On July 8, 2025, KINSALE advised that it was "still investigating" but that even if there was a duty to defend, it would take a long time for KINSALE to

approve the defense for additional insured tenders and instructed Plaintiffs to respond to the complaint using their own resources. Plaintiffs confirmed, and reminded KINSALE of the hourly rates charged by its attorneys.

25.     Having heard nothing further, on July 28, 2025, Plaintiffs reached out to KINSALE for a response and advised KINSALE that discovery was moving rapidly in the Underlying Action. In response, KINSALE advised that it was still working on the response and apologized for the delay. Plaintiffs provided KINSALE that same day with even more factual information supporting the potential for coverage that had been disclosed in discovery in the Underlying Action.

26.     On August 4, 2025, Plaintiffs filed a cross-complaint in the Underlying Action naming KINSALE's named insured, J Build, Inc., and sent a copy to KINSALE and reminded it that additional insured status provides that person or entity with rights available to an insured under the policy, including the rights of defense and indemnification, subject to the terms and conditions of the policy.

27.     On August 12, 2025, Plaintiffs followed up again with KINSALE and asked for a date by which they could expect a response. Shortly thereafter, Plaintiffs learned that KINSALE had retained counsel to defend its named insured, J Build, and asked KINSALE why there is a duty to defend the named insured, but not the additional insured. In response, on August 14, 2025, KINSALE reiterated that it has not picked up Plaintiffs' tender and that the tender response was "forthcoming."

28.     On August 18, 2025, Plaintiffs requested KINSALE send them a copy of the KINSALE Policies. No policies have been provided.

29.     As of the date of this complaint, KINSALE has failed to accept or deny coverage to Plaintiffs despite having had over two months to decide and after accepting the defense of its named insured in the same lawsuit.

/./././

/./././

/./././

# FIRST CAUSE OF ACTION

## Breach of Contract – Duty To Defend

### (Against All Defendants)

1. Plaintiffs reiterate and incorporate by reference the allegations set forth in all previous paragraphs as though fully set forth herein.

2. Plaintiffs have performed all of their obligations under the Defendant Policies.

3. The Underlying Action alleges the potential for damages because of property damage and/or bodily injury.

4. COLONY has, without reasonable justification or explanation, breached the terms of the COLONY Policies by, *inter alia,* failing and refusing to defend Plaintiffs, pay for their defense expenses, or otherwise defend and indemnify Plaintiffs as required by the COLONY Policies.

5. KINSALE has, without reasonable justification or explanation, unreasonably delayed in responding to the tender and breached the terms of the KINSALE Policies by, *inter alia*, failing and refusing to defend Plaintiffs, pay for their defense expenses, or otherwise defend and indemnify Plaintiffs as required by the KINSALE Policies.

6. As a direct and proximate result of Defendants' breaches of the Defendant Policies, Plaintiffs have sustained actual and substantial damages in excess of $75,000.

7. As a further direct and proximate cause of Defendants' breaches, Plaintiffs have sustained, and will continue to sustain, further economic and non-economic damages in amounts to be proven at the time of trial.

# SECOND CAUSE OF ACTION

## Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing

### (Against All Defendants)

8. Plaintiffs reiterate and incorporate by reference the allegations set forth

in all previous paragraphs as though fully set forth herein.

9.    Implied in the Defendant Policies is a covenant that Defendants will act in good faith and deal fairly with Plaintiffs, that Defendants will do nothing to interfere with the rights of Plaintiffs to receive the benefits due under the Defendant Policies, and that Defendants will give the same level of consideration to Plaintiffs' interests as they give to their own interests.

10.    At all times herein mentioned, Defendants were lawfully obligated to act fairly and in good faith towards Plaintiffs and to ensure that Plaintiffs received the full extent of the insurance policy benefits to which Plaintiffs were and are entitled.

11.    Defendants have tortiously breached their covenant of good faith and fair dealing by engaging in the acts and omissions alleged herein, and Defendants have refused, failed, and continues to refuse, to exercise good faith and fair dealing with Plaintiffs as more particularly set forth herein, and have unfairly interfered with Plaintiffs' right to receive the benefits of the Defendant Policies.

12.    Defendants have unfairly and unforgivably denied Plaintiffs the benefits owed under the Defendant Policies despite Plaintiffs' loyalty and timely premium payments to COLONY and status as an additional insured with KINSALE.

13.    In addition, at all times herein mentioned, Defendants failed to undergo a reasonable investigation and review of the claim and the lawsuit and failed to comply with not only the California regulations governing insurance carriers, but with Defendants' duties of good faith and fair dealing, by, among other things, the following acts or omissions:

a.    Misrepresenting to Plaintiff pertinent facts and/or insurance policy provisions relating to any coverages at issue (California Insurance Code § 790.03(h)(1));

b.    Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies (California

1   Insurance Code § 790.03(h)(2)); and

2           c.    Failing to adopt and implement reasonable standards for the

3   prompt investigation and processing of claims arising under insurance policies

4   (California Insurance Code § 790.03(h)(3)).

5           14.   Under the circumstances, Defendants acted in bad faith, putting

6   their own interests in front of Plaintiffs' by failing to honor their obligations even after

7   the insureds made multiple requests that Defendants honor their respective

8   contractual, fiduciary, and equitable obligations, ultimately resulting in the need to

9   file this action.

10          15.   Defendants' actions and omissions, as alleged above, are inconsistent

11  with the reasonable expectations of Plaintiffs, are contrary to established claims

12  practices and legal requirements, are contrary to the express terms of the Defendant

13  Policies, and constitute a tortious breach of the implied covenant of good faith and

14  fair dealing.

15          16.   Defendants' actions and omissions in breach of their duties to Plaintiffs

16  were performed, authorized and/or ratified by their officers, directors, and/or

17  managing agents, and/or with the advance knowledge or conscious disregard of their

18  officers, directors, and/or managing agents.

19          17.   As a direct and proximate result of Defendants' wrongful conduct,

20  Plaintiffs have sustained actual and substantial damages in excess of $75,000.

21          18.   As a further direct and proximate cause of Defendants' wrongful

22  conduct, Plaintiffs have sustained further economic and non-economic damages in an

23  amount to be proven at trial.

24          19.   As a result of Defendants' unreasonable denial of policy benefits,

25  Plaintiffs have incurred, and will incur, attorneys' fees as allowed pursuant to the

26  holding of <u>Brandt v. Superior Court</u>, 37 Cal. 3d 813 (1985).

27  /././

28  /././

**THIRD CAUSE OF ACTION**

**Declaratory Relief – Duty to Defend – Civil Code 2860**

**(Against All Defendants)**

20.    Plaintiffs reiterate and incorporate by reference the allegations set forth in all previous paragraphs as though fully set forth herein.

21.    An actual controversy has arisen and now exists between Plaintiffs on the one hand, and Defendants, and each of them, on the other, concerning Defendants' duty to defend Plaintiffs in the Underlying Action, including whether that duty is owed pursuant to section 2860 of the California Civil Code.

22.    In addition, an actual controversy has arisen and now exists between Plaintiffs and Defendants in that Plaintiffs contend that the Defendant Policies provide a potential for coverage to Plaintiffs as it relates to the Underlying Action and affords Plaintiffs the right of a defense from Defendants, and each of them, under the Policies, and that such defense must be provided in accordance with Section 2860 of the California Civil Code. Plaintiffs are informed and believe that Defendants disagree with Plaintiffs and contend that the Policies do not provide for a duty to defend Plaintiffs in the Underlying Action.

23.    Plaintiffs desire a judicial determination that: (a) Defendants owe Plaintiffs a duty to defend Plaintiffs in the Underlying Action; and (b) Defendants owe Plaintiffs a duty to defend Plaintiffs in the Underlying Action pursuant to section 2860 of the California Civil Code.

**PRAYER**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1.    For a judicial determination that Defendants owe Plaintiffs a duty to defend Plaintiffs in the Underlying Action;

2.    For a judicial determination that the Defendants owe Plaintiffs a duty to defend Plaintiffs in the Underlying Action pursuant to section 2860 of the California Civil Code;

3.    For economic damages in excess of $75,000;

4.    For non-economic damages in an amount to be proven at trial;

5.    For pre-judgment interest at the legal rate;

6.    For all penalties and interest allowed for by contract and applicable law;

7.    For attorneys' fees and costs pursuant to contract, or the holding of Brandt v. Superior Court, 37 Cal.3d 813 (1985);

8.    For costs of suit herein incurred; and

9.    For such other and further relief as this Court may deem just and proper.

Dated: September 4, 2025                    SCHULZ BRICK & ROGASKI

By: */s/ Peter J. Schulz*
    Peter J. Schulz, Esq.
    Attorneys for Plaintiffs
    RENOVATION REALTY, INC.,
    KEITH CHRISTIAN, and
    KATHY VASQUEZ