# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENOVATION REALTY, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COLONY INSURANCE COMPANY, et al.,<br><br>Defendants. | Case No.:  25-CV-2297 W (DEB)<br><br>**ORDER GRANTING DEFENDANT KINSALE INSURANCE COMPANY'S REQUEST FOR JUDICIAL NOTICE AND MOTION TO DISMISS [DOC. 12]** |

Defendant Kinsale Insurance Company moves to dismiss Plaintiffs' Complaint under Federal Rule of Civil Procedure 12(b)(6).  Along with the motion, Defendant requests judicial notice of the underlying state-court complaint and insurance policies. Plaintiffs do not oppose the request for judicial notice but oppose the motion to dismiss.

The Court decides the matter on the papers submitted and without oral argument. Civ. L.R. 7.1(d.1).  For the following reasons, the Court **GRANTS** Defendant's request for judicial notice and **GRANTS** the motion to dismiss [Doc. 12].

1

## I.  BACKGROUND

In this insurance-coverage dispute, Plaintiffs Renovation Realty, Inc., Keith Christian and Kathy Vasquez (collectively, "Renovation") are suing Defendant Kinsale Insurance Company ("Kinsale") for its failure to defend and indemnify Renovation in an underlying state-court lawsuit filed by Mara Fortin (the "*Fortin* litigation" or "*Fortin*"). (*Compl.* [Doc. 1] ¶ 8.) Renovation contends they "qualify as additional insureds" under policies Kinsale issued to J Build, Inc. for the period October 1, 2020 to 2021 (Policy No. 0100128475-0) and October 1, 2021 to 2022 (Policy No. 0100128474-1). (*Id.* ¶ 10).

According to the *Fortin* complaint, that litigation arises "from the fraudulent sale of a La Jolla coastal residence (the 'Property')," which plaintiff Mara Fortin alleges Renovation "deliberately misrepresented as 'completely remodeled' and 'meticulously maintained'." (*See Fortin Compl.* [Doc. 12-3] ¶ 1.[1]) Fortin alleges, however, that "[i]n truth, Defendants, including the seller . . . and its listing brokerage and renovator RENOVATION REALTY, INC. ('RRI'), knew from sources including a pre-renovation termite report documenting fugus and dry rot . . . that the Property harbored pre-existing material defects." (*Id.*) As a result, "[i]nstead of the promised pristine home, Plaintiff MARA FORTIN unwittingly purchased a concealed health and safety hazard plagued by toxic mold, pervasive water intrusion, structural decay, and tampered essential electrical and data systems, all artfully obscured by Defendants' superficial renovations." (*Id.*) Based on these allegations, the *Fortin* complaint asserts causes of action against Renovation for: (1) Fraudulent Concealment; (2) Negligent Misrepresentation; (3) Violation of California Civil Code §§ 1102, et seq. (Statutory Disclosure Violations); (4) Violations of Business & Profession Code § 17200 (Unfair Competition Law); (5) Constructive Fraud (Civ. Code § 1573); and (6) Declaratory Relief (Invalidity of Arbitration Provision – Code Civ. Proc. § 1060). (*See Id.*)

---

[1] The *Fortin Compl.* is attached to Kinsale's Request for Judicial Notice ("RJN") as Exhibit 1. (*RJN* [Doc. 12-2] 2:24–25.)

On February 24, 2025, Renovation received a pre-suit written demand for damages from Fortin's counsel, which allegedly "included claims of property damage and bodily injury." (*Compl.* ¶ 13.) On June 25, 2025, Renovation tendered its defense to Kinsale, "pursuant to its status as an additional insured." (*Id.* ¶ 22.) Kinsale acknowledged the claim and advised Renovation that it was investigating, but as September 4, 2025, Kinsale had not made a coverage decision. (*Id.* ¶¶ 23, 24, 29.)

On September 4, 2025, Renovation filed this lawsuit for (1) Breach of Contract, (2) Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing, and (3) Declaratory Relief – Duty to Defend – Civil Code 2860. (*See Compl.*) On November 25, 2025, Kinsale filed the pending motion to dismiss the Complaint.

## II.    LEGAL STANDARD

### A.    Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). The court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).  In evaluating the motion, the court must assume the truth of all factual allegations and must "construe them in light most favorable to the nonmoving party." *Gompper v. VISX, Inc.*, 298 F.3d 893, 895 (9th Cir. 2002); *see also Walleri v. Fed. Home Loan Bank of Seattle*, 83 F.3d 1575, 1580 (9th Cir. 1996).

As the Supreme Court has explained, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007). Instead, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 1964-65.  A complaint may be dismissed as a matter of law either for lack of a

3

cognizable legal theory or for insufficient facts under a cognizable theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

Generally, courts may not consider material outside the complaint when ruling on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, courts may consider documents specifically identified in the complaint whose authenticity is not questioned by parties. *Fecht v. Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superseded by statutes on other grounds). Moreover, courts may consider the full text of those documents, even when the complaint quotes only selected portions. *Id.* The court may also consider material properly subject to judicial notice without converting the motion into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

**B.     California Insurance Law**

California law obligates an insurer to defend the insured when the facts alleged in the complaint create a potential for coverage. *Scottsdale Ins. Co. v. MV Transp.*, 36 Cal. 4th 643, 654 (2005).  In evaluating the duty to defend, the insurer must also consider facts outside those alleged in the complaint. *Id.* "If any facts stated or fairly inferable in the complaint, or otherwise known or discovered by the insurer, suggest a claim potentially covered by the policy, the insurer's duty to defend arises and is not extinguished until the insurer negates all facts suggesting potential coverage." *Horace Mann Ins. Co. v. Barbara B.*, 4 Cal. 4th 1076, 1081 (1993).

The interpretation of the insurance policy is governed by the ordinary rules of contract interpretation. *Palmer v. Truck Ins. Exchange*, 21 Cal. 4th 1109, 1115 (1999). The fundamental goal in interpreting an insurance policy is to ascertain the parties' mutual intentions. *Vons Cos., Inc. v. United States Fire Ins. Co.*, 78 Cal. App. 4th 52, 58 (2000). Where possible, those intentions should be inferred solely from the policy's written terms. *AIU Ins. Co. v. FMC Corp.*, 51Cal. 3d 807, 822 (1990).  Thus, policy language that is clear and explicit governs. *Id.*

4

## III.   DISCUSSION

### A.   Request for Judicial Notice

Kinsale requests judicial notice of the *Fortin* complaint and the two policies under which Renovation seeks coverage. (*RJN* [Doc. 12-2] 2:24–3:3.) Renovation does not object to the request. (*Opp'n* [Doc. 15] 2:20–27.)

Federal Rule of Civil Procedure 201 permits a court to take judicial notice of an adjudicative fact if it is "not subject to reasonable dispute." Fed. R. Evid. 201(b).  A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). Under this rule, a court may "take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment," but it "cannot take judicial notice of disputed facts contained in such public records." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

Under Rule 201, judicial notice of the *Fortin* complaint is appropriate. *See NuCal Food, Inc. v. Quality Egg LLC*, 887 F.Supp.2d 977, 984 (E.D. Cal. 2012) ("Courts have consistently held that courts may take judicial notice of documents filed in other court proceedings.").

Regarding the Kinsale policies, "the incorporation by reference doctrine [applies] to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir.2005) (citations and quotations omitted). Here, Renovation does not dispute the authenticity of the Kinsale policies. Additionally, Renovation's Complaint references the policies and Renovation's causes of action against Kinsale are based on the policies. Accordingly, under the incorporation by reference doctrine, the Court will consider the policies. *See Enger v. Allstate Ins. Co.*, 682 F.Supp.2d 1094, 1096 (E.D.Cal. 2009) (considering terms of insurance policies under the incorporation-by-reference doctrine in

5

evaluating motion to dismiss); *Professional Solutions Insurance Company v. Grover La Mesa, Inc.*, 2023 WL 350395, *4 (S.D.Cal. 2023) (granting request for judicial notice of insurance policies where "no party has opposed" the request and the parties do not dispute the genuineness of the policy's terms, on the interpretation).

### B.    The Complaint fails to state a breach of contract claim

Kinsale contends there is no potential for coverage under the policies because *Fortin* alleges only intentional conduct and economic damages. (*MTD P&A* [Doc. 12-1] 7:15–9:1.) Renovation responds that Kinsale's analysis is flawed because it is "based solely upon the four corners of the Underlying Complaint" and the duty to defend is determined "based upon not only the allegations in the complaint, but also on extrinsic evidence which is known or should have been known through a reasonable investigation at the time in which the determination is made." (*Opp'n* 5:23–6:6.) The Court agrees with Kinsale.

Renovation seeks coverage as an additional insured under the two Kinsale policies issued to J Build. (*Compl.* ¶ 10.) The Insuring Agreement for both policies provides, in relevant part:

> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. . . .
>
> b. This insurance applies to "bodily injury" and "property damage" only if: (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; . . .

(*October 2020–2021 Policy* at 004; *October 2021–2022 Policy* at 077.[2])  Both policies define an "occurrence" as "an accident, including continuous or repeated exposure to

---

[2] The *2020–2021 Policy* is attached to the RJN as Exhibit 2 [Doc. 12-4]. (*RJN* at 2:26–28.) The *2021–2022 Policy* is attached to the RJN As Exhibit 3 [Doc. 12-5]. (*Id.* at 3:1–3.)

6

substantially the same general harmful conditions." *October 2020–2021 Policy* at 018; *October 2021–2022 Policy* at 091.) They also define "property damage" as "physical injury to tangible property, including all resulting loss of use of that property" and "loss of use of tangible property that is not physically injured." (*October 2020–2021 Policy* at 018; *October 2021–2022 Policy* at 091.) Given this language, for there to be a potential for coverage under the policies, Renovation's Complaint must identify facts suggesting that *Fortin* potentially involves "bodily injury" or "property damage" that was "caused by an 'occurrence'," meaning "an accident. . . ."

Here, Renovation's Complaint contains few facts concerning the *Fortin* litigation. Under the "general allegations" section, the Complaint simply acknowledges that this "action arises" from *Fortin*. (*Compl.* ¶ 8.) There is no description of plaintiff's claims against Renovation.

Later in the Complaint, Renovation alleges in conclusory terms that Ms. Fortin's pre-suit demand for damages "included claims of property damage and bodily injury" and that at some point Renovation "provided KINSALE . . . with even more factual information supporting the potential for coverage that had been disclosed in discovery in the Underlying Action."  (*Compl.* ¶¶ 13, 25.) However, aside from these conclusory statements, there is no discussion about what Fortin alleges caused her "claims of property damage and bodily injury," nor is there any indication about what additional "factual information supporting the potential for coverage" was "disclosed in discovery" in *Fortin*.

Finally, under the First Cause of Action for Breach of Contract – Duty to Defend, the Complaint simply reiterates in conclusory terms that the "Underlying Action alleges the potential for damages because of property damage and/or bodily injury." (*Compl.* ¶ 3.)

In contrast to the sparse allegations in Renovation's Complaint, the *Fortin* complaint includes significant detail regarding the basis for the six causes of action asserted against Renovation, Christian and Vasquez. None of the allegations remotely

7

suggest Ms. Fortin's damages were the result of an "occurrence" or an "accident." For example, the *Fortin* complaint's "Introduction" explains that "[t]his action arises from the fraudulent sale of a La Jolla coastal residence (the 'Property')," which Renovation "deliberately misrepresented as 'completely remodeled' and 'meticulously maintained'." (*Fortin Compl.* ¶ 1.) The complaint continues, "[i]n truth, Defendants, including the seller . . . and its listing brokerage and renovator RENOVATION REALTY, INC. ('RRI'), knew from sources including a pre-renovation termite report documenting fugus and dry rot . . . that the Property harbored pre-existing material defects." (*Id.*) The complaint also alleges that Renovation "spearheaded' the deception and that "its principal KEITH CHRISTIAN and listing agent KATHY VAZQUEZ, [RENOVATION] knowingly concealed these severe defects through strategically deficient disclosures . . ., misleading marketing . . ., deceptive cosmetic alterations, and critical omissions of fact." (*Id.* ¶ 2.)

The *Fortin* complaint further alleges that the sale to Ms. Fortin was "not an isolated oversight but emblematic of a calculated 'renovate-and-flip' business model designed to deceive." (*Fortin Compl.* ¶ 4.) According to the plaintiff:

> This scheme involved acquiring properties, performing superficial cosmetic work to mask known hazards . . . and marketing these dangerously defective homes as fully renovated. This model prioritized profit over mandatory disclosures and consumer safety, inflicting substantial financial and health-related harm on Plaintiff.

(*Id.*)

After the introduction, the *Fortin* complaint continues to characterize Renovation's conduct as intentional and part of the renovate-and-flip business model that prioritized profit over mandatory disclosures and consumer safety. For example, Fortin alleges that before the sale of the property, Renovation "documented, pre-existing knowledge of material defects directly impacting the Property's condition, value, and habitability" and that, at the time of the sale, Renovation was in possession of reports which noted "among other critical issues, pre-existing 'Fungus/Dry Rot Damage' at the Property – conditions indicative of structural compromise, conducive to mold proliferation, and requiring

8

substantial repair." (*Fortin Compl.* ¶¶ 21, 23.) Despite this knowledge, Renovation "undertook a deliberate course of conduct to actively conceal them." (*Id.*) This was done through a scheme of "orchestrating and performing superficial 'renovations' that merely cosmetically obscured the documented fungus, dry rot, and other latent defects, rather than properly remediating these conditions." (*Id.*) This alleged scheme involved cosmetic "cover-ups" "such as painting over water-damaged areas and mold, and concealing structural decay and stripped wiring with new paint and drywall." (*Id.* ¶ 37.) She further alleges that "[t]his deliberate concealment was intended to induce Plaintiff to purchase the Property at an inflated price, believing it to be in a condition falsely portrayed by Defendants". (*Id.* ¶ 45.)

Beyond the intentional concealment of defects, Fortin alleges Renovation "aggressively marketed the Property, making material misrepresentations regarding its condition." (*Fortin Compl.* ¶ 19.) This included "falsely representing in the MLS Listing that the Property was 'completely remodeled', despite their knowledge of the extensive concealed defects, unpermitted work, and the superficial nature of their 'renovations.'" (*Id.* ¶ 48.) Fortin also alleges Renovation made representations or omissions in "the Agent Visual Inspection Disclosure and other disclosure documents that failed to accurately portray the Property's true, defective condition." (*Id.* ¶ 57.) These were made "without reasonable grounds for believing them to be true." (*Id.*)

In contrast to Renovation's conclusory statements in the Complaint, the detailed allegations in the *Fortin* complaint establish that Renovation's liability is based on intentional and non-accidental conduct and, accordingly, Ms. Fortin's damages are economic. *See Miller v. Western General Agency, Inc.*, 41 Cal.App.4th 1144, 1151 (1996) (finding claims for intentional and negligent misrepresentation regarding condition of plumbing in sale of house gave rise to economic damage, not injury to tangible property). For this reason, the Court finds there is no potential for coverage under the Kinsale policies, and thus Kinsale did not breach its duty to defend Renovation.

25-CV-2297 W (DEB)

Nevertheless, in its opposition, Renovation insists a potential for coverage exists because the *Fortin* complaint includes "allegations relating to damages associated with the cost to repair property damage due to alleged negligence in the performance of RENOVATION REALTY's scope of work." (*Opp'n* 6:17–20.) As support, Renovation cites the *Fortin* complaint's allegation that plaintiff's "damages include, but are not limited to, costs for comprehensive mold remediation, structural repairs, complete rewiring, diminished market value of the Property, temporary relocation expenses and medical expenses. . . ." (*Id.* 6:20–25, citing *Fortin Compl.* ¶ 72.) Renovation then contends the complaint's reference to "medical expenses" suggests "there is a potential for a bodily injury claim in the lawsuit." (*Id.* 6:23–25.)

Renovation's argument mischaracterizes the cause of Ms. Fortin's damages. While Renovation contends the *Fortin* complaint alleges the damages were the result of Renovation's negligent work, the immediately preceding paragraphs clarify the damages were caused by Renovation's "failure to comply with the mandatory statutory disclosure obligations imposed by California Civil Code §§ 1102 through 1102.17 in connection with the sale of the property. . . ." (*Fortin Compl.* ¶¶ 64, 72.) Specifically, the complaint alleges Renovation's disclosure "falsely represented, through affirmative statements and material omissions, that the Property was not affected by any known mold, water intrusion, structural defects, unpermitted construction, or electrical system deficiencies, among other misrepresentations." (*Id.* ¶ 67.) According to the complaint, Renovation's "failure to disclose known defects . . . and their failure to amend disclosures after receiving Plaintiff's inspection reports . . . demonstrate a lack of honesty in fact in the conduct of the transaction, rendering the provided disclosures materially false and misleading by omission." (*Id.* ¶ 70.) In short, far from suggesting a potential for coverage, the allegations concerning Ms. Fortin's damage confirm they were not caused by an "occurrence" or "accident"—as required by the Kinsale policies—but instead by Renovation's scheme to defraud Ms. Fortin. As such, *Fortin* involves economic damages, not "bodily injury" or "property damages" as defined in the policies. *See also Devin v.*

10

*United Services Auto. Assoc.*, 6 Cal.App.4th 1149, 1158 (1992) (holding damages caused by intentional and negligent misrepresentation constitute economic injury, not "property damage" caused by an occurrence).

Next, Renovation contends Kinsale's motion is "procedurally improper" because "the existence of a duty to defend turns" on "*all* information available at the time of tender" and the Court is precluded at this stage from considering the extrinsic evidence reasonably known to Kinsale. (*Opp'n* 8:17–28.) This argument also lacks merit.

Renovation's argument misapprehends both its burden and the issue pending before the Court. Under Rule 12(b)(6), the issue is whether Renovation has satisfied its burden of alleging enough facts in the Complaint to state a cause of action for breach of the policies. Fed.R.Civ.P. 12(b)(6). While Renovation is correct that this Court may not consider extrinsic evidence in deciding the motion (with the exception of the policies and *Fortin* complaint), nothing prevented Renovation from including in the Complaint the purported extrinsic facts that support the breach of contract cause of action. For the reasons stated above, Renovation has failed to satisfy its burden and based on the allegations in the *Fortin* complaint, this Court finds there is no potential coverage for Renovation. Further, because Renovation has not requested leave to amend and, more importantly, nothing in the opposition remotely suggests there are facts supporting the breach of contract cause of action, leave to amend is unwarranted.

Because the Complaint fails to state facts suggesting a potential for coverage under the Kinsale policies, the Court will dismiss the breach of contract cause of action.

## C.   The Complaint fails to state a breach of the covenant of good faith and fair dealing claim and declaratory relief claim

Because Renovation has failed to allege a claim for breach of contract, its claim for breach of the covenant of good faith and fair dealing claim also fails. *See Manzarek v. Kinsale Fire & Marine Insurance Company*, 519 F.3d 1025, 1034 (9th Cir. 2008) ("California law is clear, without a breach of the insurance contract, there can be no

11

breach of the implied covenant of good faith and fair dealing."); *Brehm v. 21st Century Ins. Co.*, 166 Cal.App.4th 1225, 1235 (2008) ("As a general rule . . . there can be no breach of the implied covenant of good faith and fair dealing if no benefits are due under the policy").

Similarly, because the Court finds there is no breach of policy and no duty to defend, Renovation's declaratory relief claim fails.

**IV.    CONCLUSION & ORDER**

For the reasons set forth above, the Court **GRANTS** Kinsale's request for judicial notice and motion to dismiss [Doc. 12] **WITHOUT LEAVE TO AMEND**.

**IT IS SO ORDERED.**

Dated:  January 30, 2026

_____
Hon. Thomas J. Whelan
United States District Judge